UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ALISTER MOYER,

    Plaintiff,

v.                                            Case No. 8:16-cv-2491-T-27MAP

BARNETT OUTDOORS, LLC,
SYNERGY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion to Seal (Dkt. 44) and Defendant Barnett's Brief Regarding Plaintiff's Motion for Leave to File Under Seal (Dkt. 45). For the reasons stated in the Order dated August 21, 2017 in *Jacobs v. Barnett*, No. 8:16-cv-2489-T-27MAP (M.D. Fla. Aug. 21, 2017) attached as Exhibit A, the motion to seal (Dkt. 44) is **GRANTED *in part*** and **DENIED *in part***. Plaintiff shall file all remaining, unfiled exhibits to his responses to Defendants' motions for summary judgment as a separate docket entry by **5:00 P.M. EDT on Thursday, August 24, 2017**, pursuant to the following instructions: (1) Plaintiff shall file the "Crossbow Claims Chart" **with all names and other personal identifying information of third parties redacted;**[1] and (2) Plaintiff shall file the remaining exhibits identified in the appendices in support of his responses to Defendants' motions for summary judgment, without redaction.

**DONE AND ORDERED** this __23__ day of August, 2017.

                                                        **JAMES D. WHITTEMORE**
                                                        United States District Judge

Copies to: Counsel of record

---

[1] See the United States District Court Middle District of Florida Administrative Procedures for Electronic Filing, Section IV.D., for guidance on the redaction of personal identifying information.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANNY JACOBS,

    Plaintiff,

v.                                Case No. 8:16-cv-2489-T-27MAP

BARNETT OUTDOORS, LLC,
SYNERGY OUTDOORS, LLC, and
WILDGAME INNOVATIONS, LLC,

    Defendants.
_____/

## ORDER

**BEFORE THE COURT** are Plaintiff's Motion to Seal (Dkt. 45) and Defendant Barnett's Brief Regarding Plaintiff's Motion for Leave to File Under Seal (Dkt. 46). Upon consideration, the motion to seal is **GRANTED** *in part* and **DENIED** *in part*.

Defendant Barnett Outdoors, LLC ("Barnett") and Defendants Synergy Outdoors, LLC and Wildgame Innovations, LLC filed respective motions for summary judgment. (Dkts. 26, 27). Plaintiff responded in opposition to both motions. (Dkts. 36, 37). He moved for leave to file the following exhibits to his responses under seal: "Crossbow Claims Chart"; "Interoffice email dated November 4, 2013"; "Academy Sports + Outdoors E-Commerce Vendor Agreement"; "Interoffice emailed [sic] dated March 5, 2013"; "crossbow drawings and interoffice emails"; and "Crossbow Modification Timeline." (Dkt. 38 at p. 2). Barnett responded with a brief asserting that only two of those exhibits, the Claims Chart and the Modification Timeline, were of such a sensitive nature that they needed to be filed under seal. (Dkt. 39). The motion to seal was denied without prejudice for failure to comply with Local Rule 1.09(a). (Order, Dkt. 44).



Exhibit A

Plaintiff filed a second motion to seal requesting that he be permitted to file the Claims Chart and Modification Timeline under seal and that the seal be for a duration of one year. (Dkt. 45). According to Plaintiff, he "does not concede that the documents in question are necessarily sensitive in nature," but he felt "compelled to file this Motion to Seal so as not to violate" a confidentiality agreement with Barnett. (*Id.* at p. 8 n.2). Plaintiff argues that it is necessary for him to file the Claims Chart because it establishes "Barnett's knowledge that inadequately guarded crossbows cause injury to its users," which is material to his punitive damages claim. (*Id.* at pp. 5-6). He argues that the Modification Timeline is material, in that it shows the feasibility of adding safety features to the product and Barnett's knowledge of the need to add safety features. (*Id.* at p. 7). Because Barnett is the party with the primary interest in maintaining the confidentiality of those documents, it addressed the need for sealing those documents in its brief. (Barnett's Brief, Dkt. 46).

Barnett contends that it is not necessary to file either the Claims Chart or the Modification Timeline because they are not relevant to Plaintiff's claims and, in the alternative, the Claims Chart is unduly prejudicial. (*Id.* at pp. 4-5). According to Barnett, the chart "identifies each and every individual ever to have made a claim" of an incident involving a Barnett crossbow, "including those who did so confidentially to the U.S. Consumer Products Safety Commission." (*Id.* at p. 4). While Barnett contends that there are no means other than sealing available because "simply redacting the names does not remove the confidential nature of the Chart," it did not offer further explanation. (Motion to Seal, Dkt. 45 at p. 9). As for the Modification Timeline, Barnett asserts that it should be sealed because it "was created by Barnett engineers to detail each engineering change to the various crossbow models over time" and it "contains information that is sensitive to Barnett, as its disclosure would provide detailed engineering information to Barnett's competitors." (Barnett's Brief, Dkt. 46

2

at p. 5). Barnett argues that the timeline "is not the type of document that would be subject to redaction" because "all content on the Timeline is proprietary." (Motion to Seal, Dkt. 45 at p. 9).

Trial courts have the inherent authority and discretion to seal records. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598-99 (1978). Decisions on motions to seal must balance the public's common law right of access against the interests favoring confidentiality. *See id.* at 597-99. The common law right of access is implicated by any pretrial motion that requires judicial resolution of the merits, including summary judgment motions, and can be overcome only by a showing of "good cause." *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-13 (11th Cir. 2001) (per curiam).[1]

The "good cause" standard requires the trial court to "balance the respective interests." *Id.* at 1313. Whether good cause exists depends on the nature and character of the information in question. *Romero*, 480 F.3d at 1246. In balancing the public interest in access to court documents against a party's interest in keeping the information confidential, courts consider

> whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

The Local Rules for the Middle District of Florida also prescribe the contents of a motion to seal. The movant must include:

---

[1] *See Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007) ("Material filed in connection with any substantive pretrial motion, unrelated to discovery, is subject to the common law right of access."); *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119-20 (9th Cir. 2012) (per curiam) (*Daubert* materials); *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 252 (4th Cir. 1988) (summary judgment motions).

3

> (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

M.D. Fla. Local Rule 1.09(a).

The parties have not established good cause to seal the Claims Chart. Despite Barnett's arguments to the contrary, the chart's listing of every known incident involving a Barnett crossbow is relevant to its motion for summary judgment. Barnett moves for summary judgment on Plaintiff's punitive damages claim that requires him to show that it engaged in intentional misconduct or gross negligence. (Barnett's Motion for Partial Summary Judgment, Dkt. 26 at p. 13) (citing *Southstar Equity, LLC v. Lai Chau*, 998 So. 2d 625, 632 (Fla. Dist. Ct. App. 2008)). A chart showing a history of injuries caused by Barnett's crossbows is not so clearly irrelevant to Plaintiff's punitive damages claim that he should be barred from filing it in support of his opposition to Barnett's motion. *See Toyota Motor Co. v. Moll*, 438 So. 2d 192, 194 (Fla. Dist. Ct. App. 1983) (holding that punitive damages are allowed where a defendant has knowledge of a defect or dangerous condition and chose not to remedy the condition). Accordingly, Plaintiff sufficiently establishes the need for filing the Claims Chart in support of his opposition.[2]

Neither party shows why a means other than sealing is insufficient to protect the information within the chart. The only sensitive information identified by Barnett is the identity of each individual who reported an incident with a Barnett crossbow. (Barnett's Brief, Dkt. 46 at pp. 3-4).

---

[2] Barnett's argument that the Claims Chart should not be filed because it is unduly prejudicial is not persuasive. The question of undue prejudice is immaterial to the sealing analysis dictated by the Eleventh Circuit and Local Rule 1.09(a). Allowing Plaintiff to file the Claims Chart in support of his opposition brief does not preclude Barnett from later filing a motion in limine to exclude it on grounds of undue prejudice. *See* FED. R. EVID. 403.

Barnett's only explanation for why redaction is insufficient is that redaction does not remove the confidential nature of the chart. (Motion to Seal, Dkt. 45 at p. 9). This conclusory statement does not satisfy Rule 1.09(a)'s requirements.

Rule 1.09(a) also requires the parties to include a memorandum of legal authority supporting the motion to seal. Barnett briefly cites one case in support of its argument that a means other than sealing is insufficient. *See Shamblin v. Obama for Am.*, No. 8:13-cv-2428-T-33TBM, 2014 WL 6611006, at *3 (M.D. Fla. Nov. 24, 2014). A brief citation to a case in which a district judge granted a request to seal documents containing "detailed contact information of numerous individuals" is not persuasive. *See id.* Barnett does not represent that the Claims Chart contains personal identifying information other than the individuals' names. It fails to explain, in other than conclusory fashion, why a means other than sealing is insufficient. Accordingly, the parties have not established good cause for sealing the Claims Chart, and redaction of the names and personal information of the third parties identified in the chart will sufficiently protect those individuals' privacy.

As for the Modification Timeline, it is equally relevant to the punitive damages analysis because it relates to Barnett's awareness of the alleged dangerous condition and whether it chose to remedy the dangerous condition. *See Toyota Motor Co.*, 438 So. 2d at 194. Barnett fails to establish good cause for sealing the timeline. It contends that the timeline contains sensitive, confidential "engineering information" that would be useful to its competitors. (Barnett's Brief, Dkt. 46 at pp. 5-6). Broadly construing Barnett's statements, it appears to invoke trade secret protection for the information contained in the Modification Timeline.

The requisite showing of good cause for sealing must be made by the party seeking protection. *Chicago Tribune Co.*, 263 F.3d at 1313-14. A party arguing that a document should be

sealed because it contains trade secret information must show that the information meets the commonly accepted criteria of trade secrets, including that the party consistently treated the documents as closely guarded secrets, the information represents substantial value to the party, the information is valuable to the party's competitors, and it derives its value by virtue of the effort of its creation and lack of dissemination. *Id.*

Barnett did not provide explanations, affidavits, or privilege logs in support of its conclusory statement that the Modification Timeline contains engineering information valuable to its competitors. *Compare* (Barnett's Brief, Dkt. 46 at pp. 5-6), *with Chicago Tribune Co.*, 263 F.3d at 1314. It does not represent that the timeline contains "sensitive technical drawings, designs, test data, and non-public financial data" that are important to its business, explain how it derives value from the timeline being secret, or otherwise provide information indicating the timeline is in the nature of a trade secret. *See Teledyne Instruments, Inc. v. Cairns*, No. 6:12-cv-854-Orl-28TBS, 2013 WL 5874584, at *1 (M.D. Fla. Oct. 31, 2013). The conclusory statement that all content on the timeline is proprietary fails to sufficiently explain what the claimed proprietary information is or why measures other than sealing will not sufficiently protect it. (Motion to Seal, Dkt. 45 at p. 9). Because the commercially sensitive nature of the information is the only basis Barnett provides for nondisclosure, and its conclusory statements fall short of establishing that the information qualifies as proprietary information, it fails to establish good cause for sealing the Modification Timeline. *See Chicago Tribune Co.*, 263 F.3d at 1314.

The parties bear the burden of establishing good cause for filing documents under seal. *Id.* at 1313; Local Rule 1.09(a). They were admonished when Plaintiff's first motion to seal was denied without prejudice that a request to file documents under seal must be supported by good cause and

6

comply with Local Rule 1.09. (Order, Dkt. 44). Notwithstanding, the briefs supporting the second motion to seal contain conclusory statements of why the Claims Chart and Modification Timeline should be filed under seal and cursory citations to non-binding case law in support. (Motion to Seal, Dkt. 45; Barnett's Brief, Dkt. 46). More is required to demonstrate good cause for why the right of public access to the courts should give way to a party's claimed interest in confidentiality.

Accordingly, it is **ORDERED**:

(1) Plaintiff's Motion to Seal (Dkt. 45) is **GRANTED** *in part* and **DENIED** *in part.*

(2) Plaintiff shall file all remaining, unfiled exhibits to his responses to Defendants' motions for summary judgment as a separate docket entry by **5:00 P.M. EDT on Wednesday, August 23, 2017**, pursuant to the following instructions:

    (a) Plaintiff shall file the "Crossbow Claims Chart" (Dkt. 36-1, Ex. J; Dkt. 37-1, Ex. N) **with all names and other personal identifying information of third parties redacted;**[3] and

    (b) Plaintiff shall file the remaining exhibits identified in the appendices in support of his responses to Defendants' motions for summary judgment, (Appendices, Dkts. 36-1, 37-1), without redaction.

**DONE AND ORDERED** this 21st day of August, 2017.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of record

---

[3] See the United States District Court Middle District of Florida Administrative Procedures for Electronic Filing, Section IV.D., for guidance on the redaction of personal identifying information.